United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C. MACKEY SALAZAR,

    Plaintiff,

v.

EDMOND G. BROWN, JR., in his official capacity as Governor of California; KAMALA HARRIS, in her official capacity as Attorney General of California; JAN LYNN OWEN, in her official capacity as California Corporations Commissioner; EDWARD KELLY SHINNICK, in his official capacity as Corporations Counsel for the California Corporations Commissioner's Enforcement Division,

    Defendants.

No. CV 13-1727 WHA

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

**INTRODUCTION**

In this action by a pro se plaintiff alleging violations of due process and equal protection pursuant to 42 U.S.C. 1983, defendants move to dismiss. For the reasons stated below, the motion to dismiss is **GRANTED**.

**STATEMENT**

The main question is whether the proposed pleading adequately alleges illegal discriminatory conduct in the enforcement of California securities law. Here are the facts alleged.

C. Mackey Salazar is a California citizen who graduated from the University of California, Hastings College of the Law and has practiced law for twenty years. He was

1  convicted of securities fraud in the 1980s.  To avoid paying taxes, Mr. Salazar had put together
2  limited partnerships composed solely of tax-exempt pension plans.  Concluding that the only
3  untaxed income these investments could receive was interest, Mr. Salazar had structured the
4  investments as interest-only investments to be paid out in one lump sum after six years.  He was
5  then charged with over 110 felony counts alleging violations of California securities laws.  It is
6  unclear from the complaint on what charges, if any, he was convicted.  It can be inferred,
7  however, that Mr. Salazar was convicted on at least one count, because the complaint refers to
8  him "now a felon" and notes that he tried to pay back $500,000  "taken in as part of the
9  program" (Dkt. No. 1 at 1–5).

The present action involves another run-in with California securities law.  The complaint alleges that Mr. Salazar  "determined a method to work around [California's] . . . securities laws" by creating limited liability companies to conduct real estate deals.  The deals included  fewer than ten participants so that the California Department of Real Estate rather than the California Department of Corporations would have jurisdiction and were structured as contingent loans (Dkt. No. 1 at 6).  In his response to defendants' motion to dismiss, Mr. Salazar states these deals were put together in 2005 and 2006 (Dkt. No. 11 at 4).

According to defendants' motion to dismiss, the California Commissioner of Corporations brought an enforcement action before the Department of Corporations seeking administrative penalties, ancillary relief, and a desist and refrain order against Mr. Salazar in June 2012 for selling unqualified securities and failing to disclose his previous conviction of securities fraud to investors.  The hearing before an administrative law judge was scheduled for, and took place on, April 17 and 18, 2013.  The enforcement action related to the 2005–2006 investment activity described above.  Mr. Salazar filed this complaint in federal court on April 16, 2013, one day before the hearing before an administrative law judge (Dkt. 4 at 2–3).

The complaint seeks declaratory and injunctive relief.  It asks for a ruling that (*id.* at 8):

> this law and any other California law that prohibits poor and/or persons wrongfully convicted of a crime from borrowing money and engaging in business as a general partnership or that restrict poor people from investing in financial enterprises solely because of their financial situation violate the Due Process and Equal

2

     Protection Clauses of the Fourteenth Amendment and 42 U.S.C. Section 1983.

The complaint does not specify to which law "this law" refers. Inasmuch as the enforcement action was brought against Mr. Salazar for violating two laws — selling unqualified securities and failing to disclose his previous conviction for securities fraud — it is unclear which law Mr. Salazar's complaint alleges is unconstitutional, or if he means both laws, or some other law.

  Mr. Salazar also requests a preliminary and permanent injunction enjoining enforcement of "laws referred to herein by means that are unconstitutional and that increase the barriers and the burdens on poor people to fight their way out of poverty . . ." (Dkt. No. 1 at 8).

  Mr. Salazar furthermore requests cost of suit, including reasonable attorney's fees. He does not seek damages (Dkt. No. 1 at 8).

## ANALYSIS

  Defendants move to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted.

  **1. FAILURE TO PLEAD SPECIFIC FACTS.**

  The complaint pleads no specific facts from which a reasonable inference could be drawn that Mr. Salazar has been discriminated against or denied due process. Instead, the complaint pleads only conclusions and the most general of allegations, putting forth two general grievances: (1) California's securities laws "allow for participation only by the rich" (Dkt. No. 1 at 1); (2) California securities regulators presume minorities who use innovative business practices are committing fraud (Dkt. No. 1 at 2).

  The pleading does not allege with any specificity how California's securities laws allow for participation only by the rich. Nor are any specific facts advanced regarding any presumption by California regulators against minorities who use innovative business practices.

  With respect to enforcement actions taken by the California Commissioner of Corporations against Mr. Salazar, the complaint does not allege that Mr. Salazar had been prevented from participating in securities investments because he was or is poor. The complaint does not even allege Mr. Salazar was or is poor, to say nothing of alleging with any specificity

3

1  how the enforcement of California securities laws discriminated against him on the basis of such
2  poverty.

3   The complaint also fails to allege that Mr. Salazar was presumed to be committing fraud
4  because he is a member of a minority group. In fact, nowhere does the complaint state that
5  Mr. Salazar is a minority. Rather than alleging Mr. Salazar is a member of a minority group
6  and is being discriminated against on that basis, it alleges that "[t]hey are using *a prior*
7  *conviction* based on an unconstitutional law *as presumptive proof* of culpability, dishonesty,
8  and fraud" (Dkt. No. 1 at 6) (emphasis added). Similarly, the complaint does not allege that
9  prosecutors had a problem with Mr. Salazar's 1980s investment strategy because of his status
10 as a minority, but because of the investment's *financial structure* (Dkt. No. 1 at 4).

### A. EQUAL PROTECTION.

In order to bring a Section 1983 claim for violation of equal protection, a plaintiff must show that defendant acted with intent or purpose to discriminate against plaintiff based on membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

The complaint's main grievance is that California's securities laws are unconstitutional because they are constructed and implemented to keep out the poor (Dkt. No. 1 at 1). The "[Supreme] Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis." *Maher v. Roe*, 432 U.S. 464, 470-71 (1977). Because being poor is not a protected class, the appropriate test to apply to the complaint's first claim is the rational basis test, namely whether California's securities laws can be rationally related to a legitimate governmental purpose. *Munoz v. Sullivan*, 930 F.2d 1400, 1404 (9th Cir. 1991). It cannot be inferred from the complaint that California's securities laws lack a rational basis.

With respect to the complaint's second grievance that California's securities regulators presume minorities who engage in innovative business practices are committing fraud, race is a protected class. But the complaint does not allege Mr. Salazar is a racial minority. It is true that the response to the defendants' motion to dismiss alleges Mr. Salazar is a racial minority, but even here discriminatory allegations are not pleaded with any specificity: to wit, the response

1 only generally alleges Mr. Salazar has been "twice been singled out because of his racial
2 background and its concomitant class" (Dkt. 11 at 9). In any case, these allegations are
3 inoperative because they are outside the complaint. The complaint merely alleges the securities
4 laws as interpreted and enforced "present an unnecessary barrier to minorities" (Dkt. No. 1 at 1).
5 The barrier is not specified, nor is it related in any way to the plaintiff. Accordingly, the motion
6 to dismiss for the equal protection claim is **GRANTED**.

### B. DUE PROCESS.

To state a substantive due process claim pursuant to 42 U.S.C. 1983, a plaintiff must show the state deprived him of life, liberty, or property. *Shanks v. Dressel,* 540 F.3d 1082, 1087 (9th Cir. 2008). The complaint alleges with no specificity how California violated Mr. Salazar's fundamental liberties. The closest the complaint comes is the general allegation that Mr. Salazar was presumed guilty on the basis of his 1980s conviction for securities fraud. The response to the defendants' motion to dismiss, however, did advance specific factual allegations, namely that a California Department of Corporations attorney knowingly created false evidence and got lenders to sign false affidavits in an effort to make "innocent people felons" (Dkt. No. 11 at 7–8). But these claims are outside of the complaint.

The claim that defendants bar the poor from participation in investment schemes does not implicate fundamental rights. "[G]overnment action that 'affects only economic' interests does not implicate fundamental rights." *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 1012). The appropriate standard for this claim, as above, is the rational basis test. The complaint does not allege with any specificity how California's securities laws lack a rational basis on their face or in their application to him. The motion to dismiss for the due process claim is therefore **GRANTED**.

### 2. WHETHER THIS COURT SHOULD ABSTAIN FROM ADJUDICATING THIS MATTER.

Defendants contend in their motion to dismiss — and again in their reply to Mr. Salazar's opposition to their motion to dismiss — that this Court should abstain from adjudicating this matter because of a pending state proceeding against Mr. Salazar, citing *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court should not issue

injunctions on state court proceedings absent a showing of great, immediate and irreparable injury. Mr. Salazar has not pleaded a specific injury, let alone a great, immediate, and irreparable one.

This order dismisses all claims in the complaint. All of plaintiff's grievances can be fairly adjudicated in the proceedings now underway in the state system. Plaintiff is not given leave to amend.

## CONCLUSION

This case is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: June 21, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6